UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY L. CUNNINGHAM,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:16-cv-00388-APG-CWH

**ORDER**

Petitioner has paid the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition.

Petitioner's sole ground for relief states, in full:

> Petitioner is seeking a state postconviction relief and is filing this federal petition, "Protective" Petition, and is asking this court to stay and [hold in abeyance] the federal habeas proceedings until state remedies are exhausted. This "Protective Petition" is requested pursuant to Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Petition, at 3. Petitioner notes correctly that if he has concerns about the effect that the state-court post-conviction proceedings would have on the timeliness of the federal habeas corpus petition, he may file a protective petition with the federal court and then move to stay that petition until the state-court proceedings have concluded. However, he must allege his actual grounds for relief in the protective petition. If the court were to grant his request with the petition in its current form, then petitioner would need to file an amended petition when the court reinstates the action. A ground alleged in that amended petition would relate back to a ground in the original petition if the

two grounds share a common core of operative fact. In other words, for the purposes of the federal statute of limitations in 28 U.S.C. § 2244(d), the effective date of filing of the ground in the amended petition would be the date of filing of the ground in the original petition. However, in petitioner's case, the original petition has no grounds for relief. The grounds in the amended petition would not relate back to anything, and the court would evaluate the timeliness of the grounds in the amended petition based upon the filing date of the amended petition. If it takes more than a year for petitioner's state-court proceedings to conclude, his empty protective petition alone might have the opposite effect, making his subsequent amended petition untimely.

The court will give petitioner the opportunity to file an amended petition now in which he alleges all his grounds for relief. If the state-court post-conviction proceedings have not concluded by the time petitioner files his amended petition, then he also should file a separate motion in which he renews his request to stay the action. The court makes no statement whether the amended petition would be timely. Indeed, the court makes no statement whether the current empty protective petition itself is timely.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 2:16-cv-00388-APG-CWH, above the word "AMENDED."

1    IT IS FURTHER ORDERED that the clerk shall add Adam Laxalt, Attorney General for the
2 State of Nevada, as counsel for respondents.
3    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
4 copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein
5 within twenty (20) days of entry of this order.
6    IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a
7 separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments
8 that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits
9 in the attachment.  The hard copy of any additional state court record exhibits shall be
10 forwarded—for this case—to the staff attorneys in Las Vegas.
11   IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if
12 appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or
13 other document submitted for consideration by the court.  Petitioner shall include with the original
14 paper submitted for filing a certificate stating the date that a true and correct copy of the document
15 was mailed to the respondents or counsel for the respondents.  The court may disregard any paper
16 received by a district judge or magistrate judge that has not been filed with the clerk, and any paper
17 received by a district judge, magistrate judge, or the clerk that fails to include a certificate of
18 service.
19    DATED:  April 29, 2016.

                                                            _____
                                                            ANDREW P. GORDON
                                                            United States District Judge