# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TONY L. CUNNINGHAM,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:16-cv-00388-APG-CWH

**ORDER**

    Before the court are the amended petition (ECF No. 8) and a belated motion for enlargement of time (ECF No. 9). The court grants the motion for enlargement of time. The court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will deny the petition because it lacks merit on its face.

    In three cases before the Second Judicial District Court of the State of Nevada, petitioner was convicted of robbery, robbery with the use of a deadly weapon, and robbery of an elderly person. The court takes judicial notice of the on-line docket of the Nevada Supreme Court in <u>Cunningham v. State</u>, No. 67687.[1] Petitioner appealed all three judgments, and the Nevada Supreme Court consolidated the cases. Petitioner asked to withdraw all three appeals, and on April 21, 2015, the Nevada Supreme Court dismissed them. Petitioner then filed post-conviction habeas corpus petitions in the state district court. The state district court has denied those petitions.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35894 (report generated October 7, 2016).

Appeals from all three denials currently are pending before the Nevada Supreme Court, case numbers 70463, 70464, 70465.[2]

Petitioner commenced this action with a petition (ECF No. 4) that argued he was filing a protective petition under Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). However, the petition otherwise was blank. The court directed petitioner to file an amended petition in which he presented all his claims for relief. Order (ECF No. 5). The amended petition (ECF No. 8) followed.

Petitioner's sole ground for relief is a claim of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

The ground appears to be unexhausted because petitioner's state habeas corpus appeals still are pending, but the court denies the petition because the ground is without merit. See 28 U.S.C. § 2254(b)(2). Petitioner cannot satisfy the Strickland standard. He argues that counsel failed to challenge the validity of the Nevada Revised Statutes under the doctrine of separation of powers because in 1951 the Nevada Legislature appointed three justices of the Nevada Supreme Court to a statute revision commission. Regardless of who was on that commission, on January 25, 1957 the Nevada Legislature duly enacted the Nevada Revised Statutes as the laws of Nevada. 1957 Nev. Stat 1-4. Furthermore, in 1995 the Nevada Legislature amended the robbery statute, Nev. Rev. Stat. § 200.380, in 2007 the Nevada Legislature amended the statute imposing an additional penalty for use of a deadly weapon, Nev. Rev. Stat. § 193.165, and in 2007, 2011, and 2013 the Nevada

---

[2] http://caseinfo.nvsupremecourt.us/public/caseSearch.do (report generated October 7, 2016).

Legislature amended the statute imposing an additional penalty for certain crimes when the victim is 60 years or older, Nev. Rev. Stat. § 193.167.[3]  The issue underlying the sole ground for relief in the amended petition is completely without merit and is frivolous.  Counsel did not perform deficiently, and petitioner suffered no prejudice, by not raising this issue before the state courts.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's belated motion for enlargement of time (ECF No. 9) is **GRANTED**.

IT IS FURTHER ORDERED that the amended petition for a writ of habeas corpus (ECF No. 8) is **DENIED**.  The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: October 11, 2016.

_____
ANDREW P. GORDON
United States District Judge

---

[3] Section 193.167 was amended in 2015, too, but that occurred after petitioner committed his crimes.